421 A.2d 464

COMMONWEALTH of Pennsylvania

v.

Richard JEZORWSKI, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

Petition for Allowance of Appeal Denied Nov. 5, 1980.

Robert T. Gownley, Jr., Assistant Public Defender, Scranton, for appellant.

Ernest D. Preate, Jr., District Attorney, Scranton, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

PER CURIAM:

Richard Jezorwski plead guilty to (1) escape from prison, and. (2) unauthorized use of a motor vehicle without the consent of the owner. On the first–mentioned charge, a prison sentence of two to four years was imposed. On the second charge, a concurrent prison sentence of one day was imposed.

Jezorwski filed a motion challenging the legality of the sentence and seeking reconsideration of the sentences imposed. After a hearing, the motion was denied. This appeal followed.

Jezorwski's sole complaint is that the sentence imposed was so manifestly excessive as to constitute too severe a punishment and, as such, constituted an abuse of discretion by the sentencing court.

This state's procedure of indeterminate sentencing [1] necessitates the granting of broad discretion to the sentencing court, and that court's determination will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). Our Supreme Court has stated a sentencing court must consider the particular circumstances of the offense and the characteristics of the defendant in all sentencing determinations. *Commonwealth v. Martin,* supra. Within this framework, the limits placed on the sentencing court's discretion are that it must not overlook pertinent facts, disregard the force of evidence, commit error of law, or inflict punishment exceeding that prescribed by statute. *Commonwealth v. Knight,* 479 Pa. 209, 387 A.2d 1297 (1978).

A review of the record discloses the following. The sentencing court considered the particular circumstances of the crime, as well as Jezorwski's history and background.

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. Sentencing Code, 18 Pa.C.S.A. §§ 1301, *et seq.* (1973).

*Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977). The sentence imposed was well within that allowed by statute,[2] and the court filed a timely opinion stating its reasons for the imposition of sentence. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).[3]

We find no abuse of discretion.

Judgments of sentence affirmed.

<hr />

**2.** The maximum sentence for the offense of escape is seven years and/or a $15,000 fine. 18 Pa.C.S.A. §§ 5121.

**3.** Jezorwski also complains he and a co–defendant did not receive equal sentences for the offense of escape. As a general rule, disparity may constitute excessiveness but only if the sentencing court fails to consider the circumstances of the crime and the particular characteristics of the defendant. *Commonwealth v. Burton*, 451 Pa. 12, 301 A.2d 675 (1973). Since these factors were considered instantly, this complaint is without merit.