444 A.2d 1235

COMMONWEALTH of Pennsylvania

v.

Ronald L. HOLLERBUSH, Appellant.

Superior Court of Pennsylvania.

Submitted June 24, 1981.

Filed April 23, 1982.

398

Richard K. Renn, York, for appellant.

Richard H. Horn, Assistant District Attorney, York, did not file a brief on behalf of Commonwealth, appellee.

Before PRICE, BECK and JOHNSON, JJ.

BECK, Judge:

Appellant was convicted after trial by jury of rape and kidnapping for his participation in a gang rape and was sentenced to a prison term of a minimum of eight years and a maximum of sixteen years. 18 Pa.C.S.A. Sections 2901, 3121. Post-trial motions were denied. This Court affirmed by *per curiam* order an appeal brought by new counsel from the judgment of sentence.[1] In so affirming, this Court rejected appellant's claims that a Commonwealth Petition for Extension of Time under Rule 1100, Pa.R.Crim.P. 1100, was not timely filed and that the lower court's finding of "due diligence" by the Commonwealth in attempting to bring the appellant to trial within the time required by Rule 1100 was without sufficient support in the evidence. This Court has also rejected appellant's claim that trial counsel was ineffective in that he failed to preserve for appeal the issue whether appellant's convictions were based on sufficient evidence.

With the aid of another attorney, appellant next sought relief under the Post Conviction Hearing Act (P.C.H.A.), 19 P.S. Section 1180–1 *et seq.* (Supp.1980). (Repealed eff. June 27, 1981). We now address appellant's appeal from the lower court's denial of his P.C.H.A. Petition.

1. *Commonwealth v. Hollerbush*, 256 Pa.Super. 629, 389 A.2d 692 (1978). Although no opinion was written in that appeal, appellant's claims appear in his brief, No. 296 Harrisburg, March Term, 1977. J. 113/1978.

The only issues raised by appellant in his Petition which were pursued at the P.C.H.A. hearing were claims that appellant's trial counsel was ineffective. Appellant contends that through ineffective assistance of counsel, he was denied the opportunity to prepare for his Rule 1100 hearing and to call witnesses for the hearing. Appellant also alleges that trial counsel was ineffective in that he failed to move for reconsideration of the sentence, and that he failed to preserve for appeal the issue of the sufficiency of the evidence with regard to both the kidnapping and rape convictions.

In considering appellant's three claims of ineffective counsel, we are governed by *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), where we held that a court must independently review the record and examine counsel's stewardship in light of available alternatives. The inquiry ceases and counsel is deemed to have been effective once the court is able to conclude that counsel's action had a reasonable basis designed to effectuate the client's interests. Further, counsel is not ineffective in failing to assert a meritless claim. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

In reviewing the claims on this appeal, we are mindful that a "PCHA petitioner has the burden of establishing his grounds for post-conviction relief.... In particular, the burden of establishing the ineffectiveness of trial counsel is on appellant." *Commonwealth v. Sweitzer*, 261 Pa.Super. 183, 395 A.2d 1376, 1380 (1978) (citations omitted). We find that appellant has failed to sustain his burden and affirm the order of the lower court.

## RULE 1100

In this Amended Petition Under Post Conviction Hearing Act, appellant alleges that the trial court violated his "due process" rights under the 5th and 14th Amendments to the United States Constitution, to a full and fair hearing concerning a Rule 1100 issue when the Court convened the

hearing on March 25, 1976, without reasonable advance notice, rather than on its scheduled date of April 8, 1976. He further asserts that his trial counsel was ineffective in that he did not preserve this issue for appeal by timely objection, and by filing an appropriate post-trial motion and brief on this issue.

The circumstances surrounding the Rule 1100 hearing, as revealed by the record, were the following. There were forty-six days between the filing of the criminal complaint against the appellant and his arrest. On March 22, 1976, the 180th day after filing of the complaint, the Commonwealth filed a timely Petition to Extend the Time for Commencement of Trial, alleging that the forty-six day period should properly be excluded because appellant had been unavailable. Although the case had been set for trial on March 25, 1976, the trial judge, mistakenly thinking that trial was to begin during the April term, scheduled a hearing on the Commonwealth's Petition to Extend for April 8, 1976. When the parties appeared in court for trial on March 25, 1976, the Commonwealth moved that the trial judge take testimony forthwith on its Petition. The trial court granted this motion and took testimony on the petition after the following exchange:

THE COURT: ... Mr. Noll [Appellant's trial counsel], do you have any serious objections to arguing that rule now?

MR. NOLL: If Your Honor please, as I understand the law, this 180 day Rule spells out what is a reasonable time for a speedy trial. The Commonwealth has had access to a term of court in January of this year.

THE COURT: You haven't answered my question. Are you willing to argue or take testimony or whatever is necessary to take now rather than waiting until the 8th?

MR. NOLL: Since the Commonwealth has fixed the date to the 8th, I think they are married to that date. I additionally have an application for dismissal that I would

ask leave to file at this time which I assume would have the same hearing date fixed.[2]

THE COURT: You are ready to go to trial I take it this term?

MR. SECHRIST [Commonwealth's counsel]: Yes, we are.

THE COURT: And are you saying you are not ready to go to trial?

MR. NOLL: I'm not saying any such thing. . . .

THE COURT: Unless you have some reason not to argue the 1100 Rule today—I don't see why we can't hear it today. It's not going to take testimony, is it? Is there any testimony to be taken?

MR. SECHRIST: Yes, it will require some testimony with regard to the 1100 Rule.

THE COURT: In what nature?

MR. SECHRIST: There was a considerable lapse of time between the filing of the complaint and the issuing of the warrant. That was all one day. It would be necessary to call an officer to explain the reason for the delay.

THE COURT: All right. Is your client here today?

MR. NOLL: He is, Your Honor.

THE COURT: Under the circumstances, I'll amend my order on that and we'll have argument and testimony on the 1100 matter now. I'll give you an exception. Also, you may file your petition and we'll hear that as well. We'll set the hearing forthwith. So under those circumstances, we'll deem that the Commonwealth has filed an answer thereto.

MR. NOLL: I haven't had an opportunity to file an answer to this application.

THE COURT: We'll deem that you filed an answer denying all the allegations. (N.T., 3/25/76, 2, 3)

2. The denial of this application was the subject of the previous appeal to this Court. *Commonwealth v. Hollerbush, supra.*

The Commonwealth's Petition to Extend, filed March 22, 1976, alleged that despite due diligence, the Commonwealth had experienced delays in serving appellant because the appellant was "unavailable." At the P.C.H.A. hearing, appellant admitted that he had notice of the Commonwealth's Petition to Extend a "couple days before March 25, 1976." (N.T., 12/13/79, 14) At the March 25 Rule 1100 hearing, the Commonwealth called a state trooper who testified that between September 24, 1975 and December 11, 1975, he tried on five or six different occasions to serve the complaint at appellant's home, but that he was "never able to find anyone at home." (N.T., 3/25/76, 5) After cross examination by appellant's counsel, the Commonwealth rested its case on the Petition, and the trial judge invited appellant's counsel to put on testimony. Appellant's counsel offered no testimony to rebut the Commonwealth's contention that appellant was unavailable.

At his P.C.H.A. hearing, appellant testified that he was available to be served at his home throughout the period when the Commonwealth alleged him to be unavailable. He further stated that he could have produced four witnesses, his mother, father, sister and a "neighbor lady who's home all the time" who would have testified that no police car ever came to his house until the day he was finally served with the complaint. He further testified: (1) that his counsel had not fully informed him of the nature and significance of the issue whether or not he had been "available" to be served; (2) that the court had denied appellant's counsel's request for more time to prepare for the Rule 1100 hearing.

 It should be clear from the outset that adequate and timely notice to the accused of court proceedings is fundamental to the constitutionally guaranteed right to a fair trial. *MacKenna v. Ellis*, 280 F.2d 592 (5th Cir. 1960) (To force an accused person to trial at a time when he cannot obtain any witnesses at all falls short of our notion of a fair trial); Cf. *United States ex rel. Carey v. Rundle*, 409 F.2d 1210 (3rd Cir. 1969), *cert. denied, Carey v. Rundle*, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970). We can

conceive of circumstances where a trial court's decision to hold a Rule 1100 hearing without prior notice to appellant might violate due process reasonable notice requirements. Assuming *arguendo* that such a violation did occur in this case, we nevertheless find that the appellant has not met his burden of showing that his trial counsel was ineffective.

It is well settled that this Court must deem counsel to have been effective if we can "conclude that counsel's actions had a reasonable basis designed to effectuate the client's interest." *Commonwealth v. Schroth*, 495 Pa. 561, 435 A.2d 148, 149 (1981). In the instant case, appellant admits that he and his attorney had prior notice of the Commonwealth's Petition to Extend. (That Petition stated on its face that the ground for the Commonwealth's request was unavailability of the defendant.) Appellant admits that he and his attorney had discussed the Rule 1100 issue prior to the March 25, 1976 hearing, although stressing that most of the discussion focused on another aspect of appellant's Rule 1100 claim. Appellant admits that he was at the Rule 1100 hearing and that he listened to the state trooper's brief testimony. Appellant admits that at no time, either before the hearing or during the hearing, did appellant ever mention the existence of his proposed witnesses to his attorney. Despite these opportunities, and despite the fact that the trooper's straightforward testimony required no special legal knowledge to understand, appellant did nothing at the hearing which might have put his attorney on notice of the need to request a continuance.

Contrary to appellant's contentions at the P.C.H.A. hearing, there is nothing in the record of the Rule 1100 hearing to suggest that appellant's counsel requested more time in order to prepare. Under these circumstances, trial counsel could reasonably have concluded that his client's interests would not be served by requesting a continuance, when he did not anticipate that he would have any witnesses to present on this issue on behalf of his client. The failure to call possible witnesses is not *per se* ineffective assistance of counsel; trial counsel will be deemed ineffective only when

it is shown that a defendant had informed the attorney of the existence of the witnesses and that the attorney, without investigation and without adequate explanation, fails to call the witnesses at trial. *Commonwealth v. Hagood*, 491 Pa. 181, 420 A.2d 401 (1980); *Commonwealth v. Williams*, 274 Pa.Super. 464, 418 A.2d 499 (1980).

## SENTENCE

It is undisputed that trial counsel did not raise any objections to the conduct of the sentencing hearing, nor did he move for reconsideration of appellant's sentence after that hearing. Appellant does not claim that the sentencing judge failed to observe the guidelines governing sentences for this type of crime; nor does he claim that the sentencing judge failed to consider factors individual to the appellant which would have tended to lighten the sentence. Rather, appellant contends: (1) that the trial court's reference to appellant's use of marijuana in his explanation of the sentence indicated that the sentencing judge had based his sentence at least in part on an impermissible consideration, *i.e.*, a personal animus against marijuana use; (2) that the trial judge imposed on appellant a more severe sentence than those imposed upon his accomplices. Appellant now contends that trial counsel was ineffective in his failure to raise these issues at the sentencing hearing or in a motion for a reconsideration of the sentence.

We find no "reasonable basis designed to effectuate the client's interest," *Commonwealth v. Schroth, supra,* to explain trial counsel's failure to preserve these issues. However, even though appellant has shown that counsel failed to preserve normally significant issues, in order to demonstrate ineffectiveness of counsel entitling him to relief, appellant must show that there is a likelihood that the post-verdict motion would have succeeded had it been made. *Commonwealth v. Schroth, supra; Commonwealth v. Rainey*, 271 Pa.Super. 240, 412 A.2d 1106, 1110 (1979).

Sentencing is a matter within the sound discretion of the sentencing judge, to be exercised within the statutory

guidelines and considerations.[3] When so exercised, the sentence will not be disturbed by an appellate court unless it is so clearly excessive as to constitute an abuse of discretion. *Commonwealth v. Kostka,* 276 Pa.Super. 494, 419 A.2d 566 (1980); *Commonwealth v. Kaminski,* 244 Pa.Super. 388, 368 A.2d 776 (1976). We conclude that appellant has raised no issue regarding sentencing which would have had any likelihood of success, either in the trial court or on appeal.

During the pre-sentence investigation, and at the sentencing hearing, the appellant stated that he had been under the influence of marijuana when the crime was committed. The pre-sentence investigation report, which appellant's counsel examined prior to the sentencing hearing, contained reference to appellant's juvenile record and history of alcohol and drug use. In his explanation of his sentence, the trial judge emphasized the unusually vicious character of the crime, and took note of appellant's statement that alcohol and marijuana were involved in the crime. He also stated that he had taken into account the "totality of the circumstances," which in context was a reference to appellant's previous record of problems with alcohol and drugs. In light of appellant's willing and active participation in an unusually brutal crime, set against his personal background, we do not believe that an appellate court would have been justified in finding appellant's sentence to be excessive. Counsel can not be taxed with ineffectiveness for failing to raise this issue.

 Similarly without merit is appellant's argument that trial counsel should have preserved for appeal the issue whether the disparity between appellant's sentence and those of his accomplices constituted an abuse of judicial discretion. One of appellant's accomplices was convicted of rape and kidnapping, and received a prison term of seven and one half to fifteen years. Two others, who pleaded guilty to rape and kidnapping, received terms of five to ten

3. The crimes of rape (18 Pa.C.S.A. Section 3121) and kidnapping (18 Pa.C.S.A. Section 2901) are felonies of the first degree. Each crime carries a maximum of twenty years imprisonment. 18 Pa.C.S.A. Section 1103(1).

years and three to six years. This is not a situation where the appellant and his accomplices were tried jointly, or where they were tried singly and sentenced by the same judge. The sentencing judge in this case neither tried nor sentenced any of appellant's accomplices. Where, as here, the sentencing court considered the circumstances of the crime and the particular characteristics of the defendant, the fact that the defendant received a stiffer sentence than other defendants guilty under the same statutory provisions for their respective roles in this gang rape does not in itself constitute grounds for a finding that the appellant's sentence was excessive. *Commonwealth v. Jezorwski*, 280 Pa. Super. 178, 421 A.2d 464 (1980). Counsel cannot be held to have been ineffective for failure to raise this issue.

## SUFFICIENCY OF THE EVIDENCE

Trial counsel did fail to preserve the issue of the sufficiency of the evidence to convict appellant. Appellant contends that trial counsel was ineffective in that he failed to preserve this issue. Appellant, by his first appellate counsel, raised this same issue in his first appeal to this Court, and it was rejected. According to the Post Conviction Hearing Act, appellant may raise this issue again only if he rebuts the presumption that his decision to take no further appeal from that ruling was made with full knowledge that he could not subsequently raise the same issue again under the P.C.H.A. Appellant offered no such evidence at his P.C.H.A. hearing. Consequently, this issue is barred by the P.C.H.A., 19 P.S. Sections 1180–3(d), 1180–4(a)(2), (c) (Repealed eff. June 27, 1981) (Supp.1980), *Commonwealth v. Velasquez*, 488 Pa. 244, 412 A.2d 489 (1980); *Commonwealth v. Bennett*, 472 Pa. 314, 372 A.2d 713 (1977).[4]

4. 19 P.S. Section 1180–3(d) (Repealed eff. June 27, 1981) (Supp.1980) states: "To be eligible for relief under this act, a person must ... prove the following: ... (d) That the error resulting in his conviction and sentence has not been finally litigated or waived." 19 P.S. Section 1180–4 (Repealed eff. June 27, 1981) (Supp.1980) states: "(a) For the purpose of this act, an issue is finally litigated if: ... (2) The Superior Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue and the petitioner has knowingly and under-

We find appellant's claims of ineffective assistance of trial counsel to be groundless. The order appealed from is affirmed.

standingly failed to avail himself of further appeals; ... (c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."