452 A.2d 781

**COMMONWEALTH of Pennsylvania**

v.

**Richard PARRY, Junior, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1982.

Filed Nov. 19, 1982.

Anthony Peter Daniel, Easton, for appellant.

Donald B. Corriere, District Attorney, Easton, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

HESTER, Judge:

Appellant, Richard Parry, Jr., was charged with kidnapping, unlawful restraint, robbery, involuntary deviate sexual intercourse, aggravated assault, and conspiracy. On September 19, 1980, after a trial by jury, appellant was found guilty of all of the above charges with the exception of kidnapping. Post-verdict motions for a new trial and in arrest of judgment were denied and dismissed. Appellant was thereafter sentenced to a term of incarceration of not less than four (4) years nor more than eight (8) years. The sentencing court denied appellant's petition for reconsideration of sentence on October 15, 1981. This appeal ensued.

The facts which led to the prosecution and conviction in this case are as follows. On March 26, 1980, appellant and three others picked up the victim, a slightly retarded young man who had been hitchhiking. Appellant and co-defendant, Carl Hoffman, forced the victim to perform involuntary deviate sexual intercourse at gunpoint. The victim was subsequently robbed, severely beaten and kicked in the body and head, and left nude, face down in a roadside puddle.

Appellant's sole concern on this direct appeal is his sentence. He contends that the sentencing judge abused his discretion when his sentence is compared to the sentences received by the other actors involved in this affair. Co-defendant Hoffman, who was the principal actor and who had an extensive criminal record, received the same sentence as appellant. Two other co-defendants, who respectively pleaded guilty and nolo contendere to unlawful restraint, were sentenced to six to twenty-three months imprisonment with

immediate work release eligibility. Appellant argues that since both he and Hoffman received identical sentences, the sentencing judge failed to adhere to the philosophy of individual sentencing as mandated by *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) and as codified by the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S.A. § 1321(b), as amended October 5, 1980, P.L. 693, No. 142, 42 Pa.C.S.A. § 9701 et seq. Moreover, he asserts that his right to equal protection of the law was violated when the sentencing judge imposed disparate sentences upon himself and the two other similarly situated co-defendants.[1]

Imposition of a proper sentence is firmly settled to be within the sound discretion of the lower court, and we will not disturb the sentence on appeal absent a manifest abuse of discretion. *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). The procedure of indeterminate sentencing as employed in this Commonwealth requires the sentencing judge to weigh the varying factors of each case, including the particular circumstances of the offense and the characteristics of the defendant. *Commonwealth v. Jezorwski,* 280 Pa.Super. 178, 421 A.2d 464 (1980). In formulating the sentence, the lower court should impose the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitation needs of the defendant. *Commonwealth v. Martin,* supra; 42 Pa.C.S.A. § 9721(b).

In the instant case, the sentencing judge was also the trial judge and consequently was fully versed in the facts surrounding the offense. After the trial, he received a thorough presentence investigation report on the character of appellant. In fashioning appellant's sentence, the trial judge considered that appellant's conduct threatened and caused serious harm to the victim. Although appellant did

1. Appellant does not contend that the sentencing failed to articulate the reasons for the sentence on the record as mandated by *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977), and *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). Consequently, we will not address that issue.

not engage in involuntary deviate sexual intercourse with the victim, he did point a rifle at the victim as appellant's co-defendant sexually molested him. Testimony at trial indicates that both appellant and co-defendant Hoffman were the principal agressors against the victim. The trial judge further weighed the fact that the appellant had a prior history of criminal activity. In fact, the criminal conduct in the case at bar occurred merely eight hours after appellant's release on parole from Northampton County Prison on other charges. Moreover, while appellant had been incarcerated at the aforesaid prison, he failed to avail himself of alcohol counseling and rehabilitative training available therein.

■ Clearly, the trial judge's decision to impose a sentence of total confinement was consistent with the nature and seriousness of the crime and with appellant's character and rehabilitative needs. Furthermore, the length of the sentence, four to eight years, is well within the total statutory limits for the crimes of which appellant stands convicted.[2] Appellant's role in this criminal episode was significant enough to warrant at least the sentence received. Where, as here, the trial judge fully complied with the philosophy of individual sentencing by considering the facts of the crime, appellant's background and characteristics, and his need for rehabilitation, the sentence will be affirmed. That appellant's co-defendant Hoffman received a similar sentence reflects a decision by the sentencing judge that these actors shared a similar degree of culpability. It does not in any way indicate that appellant's sentence fails to comport with the case law and statutory requirements of this Commonwealth.

**2.** The maximum length of imprisonment for unlawful restraint, a first degree misdemeanor, is five years. 18 Pa.C.S.A. § 1104. Involuntary deviate sexual intercourse is a first degree felony conviction and carries a maximum penalty of twenty years imprisonment. 18 Pa.C. S.A. § 1103. Aggravated assault, robbery and conspiracy are second degree felony convictions and each carries a maximum penalty of ten years. 18 Pa.C.S.A. § 1103. Thus, appellant could have received a maximum sentence of fifty-five years.

■ Appellant's claim that the lighter sentences received by the two other co-defendants also constitutes an abuse of discretion by the sentencing judge is devoid of merit. A trial judge is not bound to impose similar sentences on all participants of a crime. *Commonwealth v. Landi,* 280 Pa. Super. 134, 421 A.2d 442 (1980). Disparity of sentences is permissible when facts exist to warrant the unequal sentences. *Commonwealth v. Burton,* 451 Pa. 12, 301 A.2d 675 (1973); *Commonwealth v. Hollarbush,* 298 Pa.Super. 397, 444 A.2d 1235 (1982); *Commonwealth v. Jezorwski,* supra; *Commonwealth v. McQuaid,* 273 Pa.Super. 600, 417 A.2d 1210 (1980); *Commonwealth v. Thurmond,* 268 Pa.Super. 283, 407 A.2d 1357 (1979). When rational support exists to justify the different treatment, there is no denial of equal protection. *Commonwealth v. Staub,* 461 Pa. 486, 337 A.2d 258 (1975); *Commonwealth v. Walters,* 250 Pa.Super. 446, 378 A.2d 1232 (1977).

■ Herein, the two other co-defendants each received a sentence of six to twenty-three months imprisonment with immediate eligibility for work release. Co-defendant Richard Klingle, although present at the scene of the crime, refrained from engaging in any agression toward the victim. Co-defendant Brian Everitt, who pleaded guilty to unlawful restraint and subsequently testified at appellant's trial on behalf of the Commonwealth, halted the sexual and physical abuse of the victim by appellant and Hoffman.

Clearly, sufficient reasons were apparent from the facts of the crime alone to justify a difference between the sentence of appellant and those of co-defendants Everitt and Klingle. The cooperation and less culpable behavior of the latter two differs sharply with appellant's conduct. We find that the trial judge properly exercised his discretion in imposing a more severe sentence on appellant than Everitt and Klingle. Appellant suffered no deprivation of his right to equal protection of the law.

Judgment of sentence affirmed.