478 A.2d 39

**COMMONWEALTH of Pennsylvania**

v.

**Christopher Daniel CONSTANTINE, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1984.

Filed June 22, 1984.

Edward J. Bilik, Assistant Public Defender, Greensburg, for appellant.

William J. McCabe, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before SPAETH, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN, TAMILIA and JOHNSON, JJ.

CAVANAUGH, Judge:

This is an appeal from judgment of sentence entered after a jury trial and verdict of guilty arising from a sale of cocaine[1] to an undercover state police trooper.

Initially, appellant raises several issues concerning the conduct of the trial. However, after a thorough review of the record, we find these to be without merit and adequately disposed of in the opinion of the lower court.

Appellant also challenges the validity of his sentence, claiming that he received an extended term of imprisonment based on the sentencing court's consideration of an impermissible factor; specifically, his refusal to cooperate by naming suppliers and customers in other drug transactions.[2] The facts relevant to this issue are as follows: At appellant's sentencing hearing it became clear that he had a long history of drug involvement, which included not only personal use but also large scale drug dealing. The sentencing court, especially concerned with appellant's drug dealing, pressed him to reveal his "sources." After reviewing the numerous drug sales detailed in appellant's criminal record, the sentencing court stated:

I want to know what the source of your drugs are. You have not told me a name or person or place. If you want to, you are perfectly welcome to do it now, because

1. Appellant was found guilty of possession of a controlled substance with intent to deliver and delivery of a controlled substance, Act of April 14, 1972, P.L. 233, No. 64, § 13(a), 35 P.S. § 780–113(a)(30); and criminal conspiracy, 18 Pa.C.S. § 903.

2. The Commonwealth, on appeal, argues that this claim has been waived because appellant failed to file a motion to modify sentence pursuant to Pa.R.Crim.P. 1410. However, the record unmistakeably reveals that such a motion was timely filed.

if I ever considered any reason for any mercy for you, Mr. Constantine, it would be any cooperation you would give these police or this Court, law enforcement agencies as to the source of these drugs, because as far as I am concerned these police and their cases against you, and your record that indicates that you are the source of the drugs, and that is the reason I am considering a very heavy sentence for you in this case. I want you to know it up front before I pronounce sentence. Do you have any help to give this Court, these officials what the source of the various drugs [is].... You want to make a pitch for mercy to me, you got your chance right now.

N.T. 8/31/81 at 51–53.

After receiving vague and evasive answers from appellant, the lower court continued:

You are making a very foolish mistake if you think I'm believing that because I am not. If you want to make a pitch for mercy, that's the best your memory can serve you, then you have a problem.

N.T. 8/31/81 at 53.

After more unresponsive answers, the lower court stated:

[D]uring the sells of these drugs, you have indicated that your habit got to be quite expensive. *Who were you selling these drugs to; what kind of drugs were you selling, tell me some of this?*

. . . .

*who do you sell [the drugs] to?*

N.T. 8/31/81 at 55–56 (emphasis added).

The lower court took the appellant's vague and evasive answers to the foregoing questions as tantamount to a refusal to "tell the court ... where you got these [drugs] from and who you sell them to." The lower court felt that this indicated a willingness to "go down with the ship." N.T. 8/31/81 at 57. The court then imposed the maximum sentence of seven and one-half to fifteen years imprison-

ment,[3] made consecutive to other sentences appellant was then serving. N.T. 8/31/81 at 68–69.

■ A sentencing court has broad latitude to inquire into the personal character and circumstances of the defendant. *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Burtner,* 307 Pa.Super. 230, 453 A.2d 10 (1982); *Commonwealth v. Vernille,* 275 Pa.Super. 263, 418 A.2d 713 (1980). In particular, a sentencing court may properly consider a defendant's potential for rehabilitation. *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Parry,* 306 Pa.Super. 390, 452 A.2d 781 (1982); 42 Pa.C.S. § 9721(b). One factor in gauging a defendant's potential for rehabilitation is his or her manifestation of social conscience and responsibility through contrition, repentance and cooperation with law enforcement agencies. *Roberts v. United States,* 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980); *Commonwealth v. Gallagher,* 296 Pa.Super. 382, 442 A.2d 820 (1982).

■ However, while the scope of a sentencing court's inquiry into a defendant's character is necessarily broad, it is not without limitation and will not be permitted to infringe upon a defendant's constitutionally guaranteed rights. *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d

3.  Although, as previously noted, appellant was found guilty of possession with intent to deliver, delivery and criminal conspiracy, these crimes were merged into the delivery charge for purposes of sentencing. *Commonwealth v. Edwards,* 302 Pa.Super. 522, 449 A.2d 38 (1982); N.T. 8/31/81 at 64–65.

This case involves a delivery of cocaine, a schedule II, *non-narcotic* drug. Act of April 14, 1972, P.L. 233, No. 64, § 2 "narcotic", as amended, 35 P.S. § 780–102 "narcotic" (Supp.1984). *Cf.* Uniform Controlled Substances Act § 101(*o*), 9 U.L.A. 199 (1979) (cocaine specifically included in definition of "narcotic"). However, the court below appears to have sentenced appellant under Act of April 14, 1972, P.L. 233, No. 64, as amended, 35 P.S. § 780–113(f)(1) (Supp. 1984), 233, § 13(f)(1) relating to schedule II *narcotic* drugs and permitting the fifteen year maximum sentence imposed. Although not addressed by the parties or the court below, it appears that sentence should have been imposed under § 13(f)(2), relating to schedule II *non-narcotic* drugs and authorizing a maximum sentence of no more than five years imprisonment.

102 (1977) (improper to consider exercise of right to jury trial as aggravating factor in imposing sentence); *Commonwealth v. Pavlocak,* 299 Pa.Super. 439, 445 A.2d 834 (1982) (improper to consider Fifth Amendment refusal to explain drunkenness at 8:30 a.m., in auto accident case as aggravating factor in sentencing); *Commonwealth v. Staley,* 229 Pa.Super. 322, 324 A.2d 393 (1974) (improper to consider refusal to plead guilty as aggravating factor in sentencing); *Bertrand v. United States,* 467 F.2d 901 (5th Cir.1972) (improper to consider Fifth Amendment refusal to answer questions concerning crimes not charged as aggravating factor in sentencing). *See also,* 42 Pa.C.S. § 5947, relating to grant of immunity where testimony is sought over a claim of privilege based on self-incrimination. *Compare United States v. Roberts, supra* (proper to consider refusal to cooperate in an investigation of charged crime, after confession and where no constitutional right implicated, as aggravating factor in sentencing).

■ In this case, the sentencing court's testing of appellant's character by seeking specific cooperation with law enforcement reveals that the sentencing process was being used not only to gauge his potential for rehabilitation but, coincidentally, as leverage to reveal his involvement in crimes not charged. Appellant's recalcitrance was an obvious refusal to incriminate himself and was so understood by the sentencing court. Imposition of the maximum sentence compels the conclusion that an additional penalty may have been imposed because appellant stood on his constitutionally guaranteed privilege against self-incrimination.[4] Since the sentencing court improperly considered appellant's exercise of his privilege against self-incrimination in imposing the maximum sentence, we must vacate the judgment of sentence and remand for resentencing consistent with this opinion. *Commonwealth v. Bethea, supra.*[5]

4. U.S. Const. amend. V; Pa. Const. art. 1, § 9.

5. Appellant raises two further issues:
First, he argues that the Information was void because it was signed by a rubber stamp facsimile of the district attorney's signature; how-

218

Judgment of sentence vacated, and the matter is remanded for resentencing before another judge.

ever, since this issue was not raised in pre-trial motions, it has been waived. *Commonwealth v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 (1982); Pa.R.Crim.P. 306(e).

Second, he argues that the sentence imposed was excessive; however, we need not reach this issue in light of our disposition.