THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH THOMPSON, Appellant. [782 NYS2d 454]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered December 9, 2003, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

Defendant was properly adjudicated a second felony offender based on his Pennsylvania conviction, as the face of the accusatory instrument clearly states that defendant was convicted of possession with intent to deliver "a controlled substance, to wit: cocaine," and not a counterfeit controlled substance (see Penal Law § 70.06 [1] [b] [i]; People v Muniz, 74 NY2d 464, 468 [1989]; People v Gonzalez, 61 NY2d 586 [1984]). The fact that the ac-

cusatory instrument referred to the cocaine as a "non-narcotic substance" does not, as defendant suggests, imply that the drug was counterfeit, thereby rendering the crime a felony in Pennsylvania but not in New York. Instead, the use of the phrase "non-narcotic substance" reflects Pennsylvania's system for classifying drugs (see Commonwealth v Constantine, 329 Pa Super 212, 216 n 3, 478 A2d 39, 40 n 3 [1984]), and we reject defendant's contrary analysis of the relevant Pennsylvania statutes.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.