J-S18014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFRAN CANALES-TAPIA, | |
| Appellant | No. 828 EDA 2014 |

Appeal from the Judgment of Sentence Entered February 12, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002036-2013

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 02, 2015**

Appellant, Jefran Canales-Tapia, appeals from the judgment of sentence of 75 to 240 months' incarceration, imposed after he pled guilty to conspiracy to commit robbery.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

On February 3, 2013, the victim in this case, Edgardo Fuentes-Rosado, was shot and killed during the course of a robbery at his home in Allentown, Pennsylvania.  After an investigation, Appellant and Luis Santiago-Nieves were arrested and charged with homicide, conspiracy to commit homicide, robbery, and conspiracy to commit robbery.  Both men submitted to polygraph tests, which indicated that Santiago-Nieves was the shooter.  In response, the Commonwealth agreed that if Appellant pled guilty to conspiracy to commit robbery, it would withdraw the remaining charges

against him. Appellant accepted this deal and entered a guilty plea on December 18, 2013.

On February 12, 2014, the trial court sentenced Appellant to 75 to 240 months' incarceration.[1] He filed a timely post-sentence motion for reconsideration of his sentence, which was denied. Appellant then filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant states one question for our review:

> Whether the lower court abused its discretion by imposing a sentence which was manifestly unreasonable as the court failed to set forth acceptable reasons for departing from the sentencing guideline ranges and impos[ing] a sentence that is at the top of the aggravated range of the sentencing guidelines as applied to [Appellant]?

Appellant's Brief at 7.

Appellant's issue presents a challenge to the discretionary aspects of his sentence.

> The right to appeal the discretionary aspects of the sentence is not absolute. Two requirements must be met before a challenge to the discretionary aspects of a sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for

[1] Santiago-Nieves ultimately pled guilty to third-degree murder and conspiracy to commit robbery. He was sentenced to 20 to 40 years' incarceration for the murder conviction, and a concurrent term of 5 to 10 years' incarceration for the conspiracy offenses. *See* Commonwealth's Brief at 10-11, 11 n.1.

allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa. Super. 2005) (quoting

*Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super. 2003) (internal

citations omitted)).

Here, Appellant complied with Rule 2119(f), setting forth the following

statement:

[Appellant] is requesting that the Appellate Court review the sentences given to [Appellant] based upon his belief that the Sentencing Court failed to adequately set forth sufficient reasons on the record for imposing a sentence that is at the top end of the aggravated sentencing guideline ranges as applied to [Appellant]. *Commonwealth v. Twitty*, … 876 A.2d 433 (Pa. Super. 2005).

Appellant's Brief at 10.

Initially, we agree with Appellant that his claim that the court failed to

state adequate reasons on the record for imposing an aggravated range

sentence constitutes a substantial question for our review. *See Twitty*, 876

A.2d at 439 (citation omitted). Therefore, we will assess the merits of

Appellant's claim, keeping in mind that,

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment.

- 3 -

Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted)).

In the argument portion of his brief, Appellant states that the standard range sentence applicable in his case was 45 to 63 months' incarceration, and his minimum sentence of 75 months' incarceration was at the "top of the aggravated range of the sentencing guidelines…." Appellant's Brief at 12. Appellant complains that this sentence was an abuse of the court's discretion because the court relied solely on the fact that Appellant's "actions led to the death of the victim…." *Id.* at 14. Appellant maintains that the court essentially punished him for the homicide, despite the fact that he was not convicted of that offense. *Id.* at 11. In other words, he argues that the sentence was "not justified by the facts and the charges to which [Appellant] entered his guilty plea." *Id.* at 14. Appellant also avers that his sentence was excessive where his codefendant, who was the actual shooter, received a lesser sentence for the crime of conspiracy to commit robbery.

In rejecting Appellant's arguments, the trial court emphasized the following:

At the time of sentencing, the Court stated that "[the] sentence is an aggravated range sentence because the acts did ultimately result in the death of the victim." The Court notes that a Pre-Sentence Investigation Report (herein after "PSI") was prepared in anticipation of sentencing [] Appellant. The Court received

the PSI on January 16, 2014 and carefully reviewed it prior to the February 12, 2014 Sentencing Hearing, including making note of Appellant's lack of a prior criminal record and prison misconducts. The Pre-Sentence Investigator noted that the sentencing recommendation of no less than 10 years nor more than 20 years exceed[ed] the aggravated range of the guidelines based on the fact that the crime was more serious than other robberies and that the victim was murdered in the course of the robbery.

Although in the aggravated range of the guidelines (but not as high as those suggested by the Pre-Sentence Investigator), the Court believes that its sentence *was not* unreasonable and therefore, [it] should be affirmed. The sentence imposed clearly reflected the Court's concern for [the] protection of the public, [and] the gravity of the offense (*i.e.* the death) as it relates to the victim. While the polygraph test indicate[d] that [] Appellant was truthful in stating that his co-defendant was the one who shot the victim, that does not change the agreed upon facts that substantiate that [] Appellant went to the victim's apartment in order to settle some sort of debt and rob the victim. It was [] Appellant's intention to rob the victim and that is the crime to which he pled [guilty] and was sentenced.

[] Appellant further argues that the Court erred when it did not sentence [] Appellant consistently with his co-defendant. We initially note that "[a] trial judge is not bound to impose similar sentences on all participants of a crime." **Commonwealth v. Parry**, 452 A.2d 781, 783 (Pa. Super. 1982) (citing **Commonwealth v. Landi**, 421 A.2d 442 (Pa. Super. 1980)[)]. In fact, "[d]isparity of sentences is permissible when facts exist to warrant the unequal sentences." **Parry**[, 452 A.2d] at 783…. "In order for a trial judge to impose different sentences on co-defendants, he must find differences between the co-defendants to justify the sentences. **Commonwealth v. McQuaid**, 417 A.2d [1210,] 1216 [(Pa. Super. 1980)]…. "When rational support exists to justify the different treatment, there is no denial of equal protection." **Parry**, 452 A.2d at 783….

The Court would note that Mr. Santiago-Nieves pled to both [c]riminal [h]omicide and [conspiracy to commit] [r]obbery. He received an aggregated sentence of no less than 20 years nor more than 40 years of incarceration. It is the Court's assertion that the victim's death was factored into the

- 5 -

sentence imposed [for] the count of [c]riminal [h]omicide, a sentence far greater than the [75 to 240 months' incarceration) imposed on [] Appellant for his guilty plea to [c]onspiracy to [c]ommit [r]obbery, although [] Appellant's role in the victim's death was not insignificant. It is the Court's opinion that the sentence imposed on [] Appellant for his role in the robbery of the victim, which ultimately ended in the victim's death, was not the result of an abuse of discretion.

Trial Court Opinion (TCO), 6/25/14, at 8-10 (footnote, citations to the record, and some citations to case law omitted; emphasis in original).

The record of Appellant's sentencing hearing, and the trial court's statement of the factors it considered in fashioning Appellant's sentence, convince us that the court did not abuse its discretion in imposing Appellant's aggravated range sentence. Appellant offers no legal support for his suggestion that, because he did not plead guilty to homicide, the court was not permitted to consider the fact that the victim was shot and killed in determining the appropriate sentence for Appellant's crime of conspiracy to commit robbery. Indeed, this Court has stated that criminal conduct for which a defendant "escaped prosecution has long been held [to be] an acceptable sentencing consideration" where "there is evidentiary proof linking the defendant to the conduct." **Commonwealth v. P.L.S.**, 894 A.2d 120, 130 (Pa. Super. 2006). Here, Appellant admitted that he went to the victim's home with Santiago-Nieves in order to rob the victim, who was ultimately shot and killed during the commission of that offense. Although the Commonwealth withdrew Appellant's homicide charge pursuant to his plea agreement, the court was well-within its discretion to consider the fact

that the victim was murdered during the course of the robbery in fashioning Appellant's sentence for conspiracy. Accordingly, Appellant's sentencing claim does not entitle him to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2015