J-S25020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL JEROME IRBY, JR. :
:
Appellant : No. 1306 WDA 2017

Appeal from the Judgment of Sentence July 18, 2017
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000718-2016

BEFORE: GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.: **FILED SEPTEMBER 07, 2018**

Michael Jerome Irby, Jr., appeals from the judgment of sentence entered in the Clearfield County Court of Common Pleas. Irby asserts the trial court abused its discretion in fashioning his sentence. Additionally, his court-appointed counsel, Steven M. Johnston, Esquire, seeks permission from this Court to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We deny Attorney Johnston permission to withdraw, vacate Irby's judgment of sentence in part, and remand for resentencing on the robbery conviction.

A recitation of the complete factual and procedural history of this matter is unnecessary to our disposition. Briefly, on May 8, 2017, Irby pleaded guilty to robbery and terroristic threats.[1] On July 18, 2017, the trial court sentenced

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv) and 2706(a)(1), respectively.

Irby to sixteen months to five years' imprisonment for robbery and twelve months to two years' imprisonment for terroristic threats. These sentences were set to run concurrently.

Irby filed a post-sentence motion challenging the discretionary aspects of his sentence. The court denied Irby's motion. This timely appeal follows.

Prior to addressing the merits of Irby's requested appeal, we must examine Attorney Johnston's request to withdraw. Attorney Johnston has substantially complied with the mandated procedure for withdrawing as counsel. **See Santiago**, 978 A.2d at 361 (articulating **Anders** requirements); **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Irby did filed a response to the motion to withdraw in the form of a *pro se* brief.

As counsel has met his technical obligation to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation omitted). **See also Commonwealth v. Tukhi**, 149 A.3d 881, 886 (Pa. Super. 2016) (providing that if counsel's petition and brief satisfy **Anders**, counsel will be permitted to withdraw if the appeal is wholly frivolous; however if there are non-frivolous issues, the petition to withdraw will be denied).

Counsel has identified three issues Irby believes entitles him to relief. The trial court abused its discretion by (1) improperly considering the use of a handgun when sentencing in the aggravated range; (2) imposing a harsher sentence on Irby than his co-defendant; and (3) failing to consider mitigating evidence. These three issues raise challenges to the discretionary aspects of sentencing.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Attorney Johnston has partially complied by preserving Irby's claims in a post-sentence motion and filing a timely notice of appeal. However, Attorney Johnston has failed to include a statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in the **Anders**' Brief.

Ordinarily, we would find these sentencing claims waived. **See Commonwealth v. Kiesel**, 854 A.2d 530, 532-533 (Pa. Super. 2004) (finding challenge to discretionary aspect waived for failure to include a Rule 2119(f) statement). However, in the context of Attorney Johnston's petition to withdraw, we must address Irby's challenges. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an **Anders** brief, this Court will review discretionary aspects of sentencing claims that were not otherwise preserved). Therefore, we must determine if any of Irby's claims raise substantial questions for our review.

We cannot review Irby's claim that the trial court failed to consider mitigating factors, because it does not raise a substantial question. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) (holding claim that sentencing court failed to adequately consider certain mitigating factors does not raise a substantial question). Thus, this claim fails.[2] However, both of Irby's remaining challenges—that the trial court abused its discretion by considering an impermissible factor and by imposing a harsher sentence on him than on his co-defendant—raise substantial questions for our review. **See Commonwealth v. Shugars**, 895 A.2d 1270,

---

[2] Both the trial court and Commonwealth claim Irby waived this claim by failing to raise any concerns about mitigating evidence with the trial court in the first instance. **See** Trial Court Opinion, 11/7/17, at 5; Commonwealth's Brief, at 10. While we agree this would constitute waiver, we have chosen to resolve this claim on a different basis. **See** Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

- 4 -

1274-1275 (Pa. Super. 2006) (finding substantial question where appellant argued trial court relied on impermissible factors as reason for increasing the sentence); **Commonwealth v. Mastromarino**, 2 A.3d 581, 589 (Pa. Super. 2010) (concluding that an appellant raises a substantial question when he avers an unexplained disparity between his sentence and his co-defendant's sentence).

> The standard of review with respect to sentencing is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Shugars**, 895 A.2d at 1275 (citation omitted).

Moving to Irby's first claim, he claims the trial court impermissibly relied on the fact that he utilized a gun in the robbery in fashioning a sentence in the aggravated range. **See** Anders' Brief, at 6 ¶ I, 11; *Pro Se* Brief, at 6 ¶ I, 11-13. Irby argues that because he did not plead guilty to a crime with the utilization of a handgun as an element, the trial court cannot consider this fact. **See** *Pro Se* Brief, at 11-13.

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of an offense in relation to impact on victim and community, and rehabilitative needs of the defendant...." **Commonwealth v. Fullin**, 892 A.2d

843, 847 (Pa. Super. 2006) (citation omitted). Furthermore, "[a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." *Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa. Super. 2005) (citation omitted). However, "[i]t is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range." *Commonwealth v. Simpson*, 839 A.2d 334, 339 (Pa. Super. 2003) (citation omitted).

Here, as Irby correctly notes, he pleaded guilty to robbery and the deadly weapon sentence enhancement was not utilized. Therefore, the use of a gun to threaten the life of the victim was not taken into consideration in calculating the standard guideline range of six to fourteen months imprisonment. *See* 204 Pa. Code. § 303.16(a). Basic Sentencing Matrix. 7th Edition Amendment 3 (9/25/15). Despite Irby's foundationless claim, it is precisely because this was not included within the guidelines that the trial court would be well within its discretion in using this as the sole factor in aggravating Irby's sentence. *See Stewart*, 867 A.2d at 593. However, our review of the record reveals that the trial court did not solely utilize this fact in imposing sentence. Instead, the trial court imposed an aggravated range

sentence[3] due to the use of the handgun and his actions as the principal in the robbery. *See* N.T., Sentencing, 6/18/17, at 11-13. Therefore, we cannot find that the trial court abused its discretion.

Next, Irby claims that the trial court abused its discretion by imposing a harsher sentence on him than on his co-defendant. *See* Anders' Brief, at 6 ¶ II, 11; *Pro Se* Brief, 6 ¶ II, 14-17. In Pennsylvania,

> co-defendants are not required to receive identical sentences. Generally a sentencing court must indicate the reasons for differences in sentences between co-defendants. This is not to say, however, that the court must specifically refer to the sentence of a co-defendant. Rather, it requires that when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences.

*Mastromarino*, 2 A.3d at 589 (citation and quotation marks omitted).

Here, the trial court placed the sentence of Irby's co-defendant on the record and noted that the Commonwealth had requested a lesser sentence due to her cooperation with them. *See* N.T., Sentencing, 7/18/17, at 10. Additionally, the trial court noted that Irby was the principal actor in this robbery, and, unlike his co-defendant, was the one in possession of a handgun. *See id*., at 12. Therefore, the trial court concluded that Irby should receive a harsher sentence than his co-defendant. *See id*., at 14. As the trial

---

[3] It is clear from the record that the trial court did not intend to impose an aggravated range sentence, but imposed a sentence based upon inaccurate sentencing guidelines. *See* N.T., Sentencing, 6/18/17, at 11. We discuss this issue later in the memorandum.

court clearly placed its reasoning for differentiating between the co-defendants, we cannot find that the trial court abused its discretion.

We turn next to the claims raised by Irby in his *pro se* brief. While Irby's brief is somewhat convoluted, he appears to raise two additional claims:[4] that the trial court violated his right to equal protection by imposing a harsher sentence on him than on his co-defendant and that 18 Pa.C.S.A. § 1103 is unconstitutional. *See Pro Se* Brief, at 6, 15-19.

Moving to Irby's first claim, our courts have consistently held that where support is found in the record to justify the different treatment between co-defendants, there is no denial of equal protection. **See Commonwealth v. Parry**, 452 A.2d 781, 783 (Pa. Super. 1982) (citation omitted). As noted above, we found that the trial court sufficiently described its reasoning for imposing different sentences on Irby and co-defendant. Therefore, Irby's claim of an equal protection violation, fails.

Additionally, we find no merit to Irby's claim that 18 Pa.C.S.A. § 1103 is unconstitutional. Irby claims that this statute, which describes the maximum sentences allowable under the law, is unconstitutional because it allows judges unfettered discretion in sentencing up to that point. **See** *Pro Se* Brief, at 19. However, this contention utterly ignores the comprehensive

---

[4] Irby, in fact, raises five issues in his *pro se* appellate brief. However, three of these issues simply mirror the issues raised by appellate counsel. Therefore, as we have already addressed these issues, we need not address them again.

system of statutes and guidelines that have been put into place to do precisely what Irby claims does not happen in Pennsylvania: monitor a trial court's use of their discretion in sentencing. Therefore, as this is Irby's only rationale behind his belief that § 1103 is unconstitutional, this issue fails as well.

We agree with counsel that the issues raised herein are frivolous. However, our independent review of the record reveals a glaring non-frivolous issue counsel failed to raise: whether Irby should be entitled to resentencing due to the trial court's reliance on incorrect sentencing guidelines.

All parties agree that the trial court sentenced Irby to sixteen months to five years' imprisonment for robbery pursuant to its belief that the standard range sentence for robbery was six to sixteen months. However, the standard sentencing guidelines range for this sentence is actually six to *fourteen* months. **See** 204 Pa. Code. § 303.16(a). Basic Sentencing Matrix. 7th Edition Amendment 3 (09/25/15). While counsel notes that the trial court utilized the incorrect guidelines, he fails to recognize the implications of the court's mistake.

Based on our review of the record, we cannot conclude that the issue set forth above is wholly meritless. Therefore, we cannot allow counsel to withdraw.

While we would typically remand this matter for counsel to file an advocate's brief, the error here is so readily apparent that a remand for this purpose would be pointless. The trial court clearly misapprehended the

applicable guidelines. ***See*** N.T., Sentencing, 7/18/17, at 11 ("You had indicated you believe that your standard range is 6 to 14 .... I have a calculation here by the probation office that your standard range is 6 to 16 months"). Due to this misapprehension, the trial court accidently imposed an aggravated range sentence. ***See id.***, at 14 ("So I don't have any reason to aggravate it, so I'm stuck with that guideline range..."). This act alone, readily apparent from the record, requires a resentencing for Irby's robbery sentencing. ***See Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa. Super. 1999) (providing that generally, this Court will vacate a sentence based on an incorrect or absent guideline recitation upon a showing that the trial court was guided in its sentencing decision by a material misapprehension of the applicable sentencing guideline range). Therefore, in the interests of judicial economy, we vacate Irby's robbery sentence and remand for resentencing.[5]

Convictions affirmed. Judgment of sentence affirmed in part and vacated in part. Petition to withdraw as counsel denied. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____

---

[5] We need not vacate the judgment of sentence in its entirety, as we have not upset the sentencing scheme. As mentioned, the trial court ordered Irby's sentence for terroristic threats to run concurrent to the robbery sentence.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2018