J-S58035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY GOODWIN | |
| Appellant | No. 199 MDA 2016 |

Appeal from the Judgment of Sentence December 22, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001272-2015

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 12, 2016**

Appellant, Anthony Goodwin, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his open guilty plea to escape.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. Following Appellant's failure to return to official detention while serving a work release sentence, the Commonwealth charged Appellant with escape at docket # CP-35-CR-0001072-2014 ("docket # 1072-2014").  Appellant pled guilty to escape on June 13, 2014, and the court sentenced Appellant to two

_____

[1] 18 Pa.C.S.A. § 5121(a).

_____

*Retired Senior Judge assigned to the Superior Court.

(2) years' restrictive intermediate punishment on September 30, 2014.  On March 24, 2015, Appellant filed a motion for furlough to Pyramid Healthcare Center, which the court granted on April 1, 2015.  The court's April 1, 2015 order advised Appellant that failure to remain in the court-ordered treatment would result in another escape charge.  On April 29, 2015, Appellant left treatment at Pyramid Healthcare Center against medical advice.

On August 3, 2015, the Commonwealth charged Appellant with escape at docket # CP-35-CR-0001272-2015 ("docket # 1272-2015").  On October 26, 2015, Appellant entered an open guilty plea to escape.  The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.  On December 22, 2015, the court sentenced Appellant for the *Gagnon* violation at docket # 1072-2014 and the instant escape conviction at docket # 1272-2015.  Specifically, the court sentenced Appellant to a term of nine (9) to twenty-four (24) months' incarceration at docket # 1072-2014, and a consecutive term of twelve (12) to twenty-four (24) months' imprisonment at docket # 1272-2015.  On December 29, 2015, Appellant timely filed a motion for reconsideration of sentence, which the court denied on January 5, 2016.

On January 29, 2016, Appellant timely filed a notice of appeal from the sentence imposed at docket # 1272-2015 only.  On February 4, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on

February 9, 2016. On May 6, 2016, Appellant's counsel filed an **Anders** brief and petition to withdraw as counsel in this Court.

As a preliminary matter, counsel seeks to withdraw her representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's

brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.

\* \* \*

Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (**See** Letter to Appellant, dated May 6, 2016, attached to Petition for Leave to Withdraw as Counsel). In the **Anders** brief, counsel provides a summary of the facts and procedural

history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

Counsel raises the following issue on Appellant's behalf:

> WHETHER THE SENTENCE IMPOSED WAS INAPPROPRIATELY HARSH AND EXCESSIVE AND AN ABUSE OF DISCRETION?

(*Anders* Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael J. Barrasse, we conclude Appellant's issue on appeal merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed March 29, 2016, at 3-8) (finding: Appellant's discretionary aspects of sentence claim fails to raise substantial question where sentence is within standard range of guidelines, conforms to sentencing norms, and is appropriate under facts and circumstances of case; even if Appellant raised substantial question, claim would still merit no relief, where court had benefit of PSI report at sentencing; court considered Appellant's prior record score and fact that this was Appellant's second escape offense; Appellant's instant escape conviction stemmed from Appellant's decision to leave medical treatment without authorization; Appellant has failed to take advantage of court's efforts to assist Appellant

with his substance abuse issues; instead, Appellant's actions demonstrate complete disregard for law and court's authority; after consideration of particular circumstance of offense, impact on community, need to deter Appellant from committing this type of offense, and protection of community, court imposed standard range guideline sentence; thus, Appellant's claim that his sentence is unduly harsh and excessive has no merit). Following our independent review of the record, we conclude the appeal is frivolous. *See Palm, supra*. Accordingly, we affirm on the basis of the trial court opinion and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016

Circulated 09/15/2017 11:44 AM

## IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

COMMONWEALTH OF PENNSYLVANIA :

    v. :

ANTHONY GOODWIN :     15 CR 1272

## OPINION

### BARRASSE, P.J.

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure and pursuant to the request of the Superior Court. Defendant Anthony Goodwin (herein after "Defendant") appeals this Court's December 22, 2015, Judgment of Sentence. Defendant's sole issue on appeal is as follows, *verbatim*:

    A. Whether the sentence imposed was inappropriately harsh and excessive and an abuse of discretion?

For the following reasons, based on a review of the record, the facts of the case, and the character of the Defendant, this Court's December 22, 2015, Judgment of Sentence should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

Under docket number CP-35-CR-0001272-2015, Appellant was charged with Escape in violation of **18 Pa. C.S.A. § 5121(a).** This charge stemmed from an April 29, 2015, incident in which Appellant left against medical advice from Court Ordered treatment at Pyramid Health Care Center and failed to return. **See Kosch Affidavit of Probable Cause; N.T. Guilty Plea, October 26, 2015, at p. 3.**

1

Defendant was also serving a sentence under docket number CP-35-CR-0001072-2014 for an Escape charge in violation on **18 Pa. C.S.A. § 5121(a).** That charge was the result of a May 14, 2014, incident in which Defendant failed to return to official detention while on Work Release while serving a sentence for Open Lewdness in violation of **18 Pa. C.S.A. § 5901**[1] . On September 30, 3014, this Court sentenced Defendant to two (2) years' restrictive intermediate punishment with the first ninety (90) days in Lackawanna County Prison, followed by ninety (90) days on House Arrest.[2] Thereafter under docket number CP-35-CR-0001072-2014, counsel for the Appellant filed a Motion for Furlough to Pyramid Health Care Center on March 24, 2015. On April 1, 2015, this Court granted the Motion for Furlough, and in its Order advised that if Appellant left treatment, he would be charged with Escape.

Therefore, on December 22, 2015, Defendant was sentenced on both the Escape charge under docket number CP-35-CR-0001272-2015 and a Gagnon violation under docket number CP-35-CR-0001072-2014. Under CP-35-CR-0001272-2015, Escape in violation of **18 Pa. C.S.A. § 5121(a),** this Court sentenced Defendant to twelve (12) to twenty-four (24) months. Under CP-35-CR-0001072-2014, this Court sentenced Defendant to nine (9) months to two (2) years, consecutive, resulting in an aggregate sentence of twenty-one (21) to forty-right (48) months' incarceration with boot camp eligibility.

On December 29, 2015, counsel for the Defendant filed a Motion for Reconsideration of Sentence on both the Escape charge and the Gagnon violation, which this Court denied on January 5, 2016. Defendant filed a Notice of Appeal to Superior Court on January 29, 2016.

---

[1] Under docket number CP-35-CR-0002614-2012, Defendant was sentenced to three (3) to twelve (12) months' imprisonment by the Honorable Vito P. Geroulo on May 2, 2013. Defendant was under supervision at the time of his 2014 Escape charge as a result of numerous probation/parole violations.

[2] Defendant filed a Motion for Reconsideration of Sentence on September 30, 2014, which this Court denied on October 1, 2014. Defendant then filed a Notice of Appeal to Superior Court. Upon Defendant's application, the Appeal was discontinued on April 1, 2015. See <u>Commonwealth v. Anthony Goodwin</u>, 1847 MDA 2014.

2

However, Defendant is only appealing the sentence under docket number CP-35-CR-0001272-2015.

## DISCUSSION

### I. THE SENTENCE IMPOSED BY THIS COURT WAS NOT INAPPROPRIATELY HARSH AND EXCESSIVE, NOR DID THIS COURT ABUSE ITS DISCRETION.

Defendant's only matter complained of on appeal challenges a discretionary aspect of the sentence imposed by this Court. Defendant baldly asserts that the sentence is inappropriately harsh and excessive and an abuse of discretion. This Court believes that Defendant's claim is meritless.

Initially, this Court notes that no automatic right of appeal exists for a challenge to the discretionary aspects of sentencing. Rather, this type of appeal is more appropriately considered a petition for allowance of appeal. **Commonwealth v. Rossetti, 863 A.2d 1185, 1193-1194 (Pa. Super. 2004) (citing Commonwealth v. Ritchey, 779 A.2d 1183, 1185 (Pa. Super.2001) (citations omitted)).**

Before reaching the merits of a discretionary sentencing issue, a court must ascertain whether an appellant (i) filed a timely notice of appeal, (ii) properly preserved the issue to be heard on appeal, (iii) filed a brief free of fatal defects, and (iv) raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Mastromarino, 2 A.3d 581, 586 (Pa. Super. 2010), appeal denied, 609 Pa. 685.**

"Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing

3

proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Kittrell, 19 A.3d 532, 538 (Pa. Super. 2011).**

A court evaluates whether a particular issue raises a substantial question on a case-by-case basis. **Commonwealth v. Rossetti, 863 A.2d 1185, 1194 (Pa. Super. 2004).** "[The court] will grant an appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Brown, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).** The Pennsylvania Supreme Court has held that a claim regarding a sentence being excessive which is within the statutory limits can raise a substantial question, if the Appellant "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Mouzon, 812 A.2d 617, 627** (Pa. 2002). However, the Pennsylvania Superior Court does not accept bald allegations of excessiveness. **Commonwealth v. Reynolds, 835 A.2d 720, 733 (Pa. Super. 2003).**

This Court believes that no substantial question exists to Defendant's sentence, as the sentences imposed upon Defendant were within the guidelines and otherwise conformed to sentencing norms, and were appropriate under the facts and circumstances of the case.

Even assuming Defendant's sentence is an appealable issue, this Court believes the sentence was appropriate and should be affirmed. The standard of review for challenges to discretionary aspects of sentencing is as follows:

4

It is well-established law that the sentencing function is a matter vested within the sound discretion of the sentencing court and will not be disturbed on appeal absent a manifest abuse of discretion. See **Commonwealth v. Walls**, **926 A.2d 957, 961 (Pa. 2007)**. "[A]n abuse of discretion is more than a mere error of judgment. … [A] sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** (quotations omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id.**, **quoting Grady v. Frito–Lay, Inc.**, **839 A.2d 1038, 1046 (2003).** The rationale offered by the Pennsylvania Supreme Court for this deferential standard is as follows:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

**Walls**, **926 A.2d at 961-62 (citations omitted).** Furthermore, a sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victims and on the community, and the rehabilitative needs of the defendant." **42 Pa.C.S. § 9721(b).** A sentencing court may determine a defendant's potential for rehabilitation by considering his demeanor, apparent remorse, manifestation of social conscience, and cooperation with law enforcement agents. **Commonwealth v. Begley**, **780 A.2d 605, 644 (Pa. 2001); Commonwealth v.**

<u>Constantine</u>, 478 A.2d 39 (Pa. Super. 1984); <u>Commonwealth v. Gallagher</u>, 442 A.2d 820 (Pa. Super. 1982). Moreover, facts regarding the nature and circumstances of the offense that are not necessarily elements of the convicted offense, are proper facts to consider in deciding to sentence in the mitigated range or the aggravated minimum range. <u>Commonwealth v. Chilquist</u>, 548 A.2d 272 (Pa. Super. 1988). See also, <u>Commonwealth v. Darden</u>, 531 A.2d 1144, 1149 (Pa. Super. 1987) ("... facts regarding the nature and circumstances of the offense, which are not necessary elements of the offense for which appellant has been convicted, are also proper factors to consider in deciding whether to sentence in the mitigated minimum range, the aggravated minimum range, or outside the guidelines."). Additionally, trial courts are permitted to use prior conviction history and other facts already included in the guidelines, if they supplement other extraneous sentencing information. <u>Commonwealth v. Simpson</u>, 829 A.2d 334, 339 (Pa. Super. 2003).

Additionally, if a presentence investigative report exists, Pennsylvania Courts shall presume that the sentencing court "was aware of relevant information concerning the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." <u>Commonwealth v. Devers</u>, 546 A.2d 12, 18 (Pa. 1988). The <u>Devers</u> court further articulated that "it would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." <u>Id.</u> See <u>Commonwealth v. Boyer</u>, 856 A.2d 149 (Pa. Super. 2004); <u>Commonwealth v. Burns</u>, 765 A.2d 1144 (Pa. Super. 2000).

In this case, prior to imposing sentence, this Court had the benefit of a presentence investigation report, which it reviewed in its entirety. This Court considered Defendant's Prior Record Score of 5. The Court also considered that this was the Defendant's second time escaping. **N.T. Sentencing, December 22, 2015, at p. 2.** This Court previously sentenced him in the lower range and gave the Defendant house arrest, yet the Defendant still escaped. **Id. at p. 3.** Here, a sentence of confinement was appropriate based on the facts and circumstances of the case. The Escape charge under CP-35-CR-0001272-2015 was the result of Defendant unlawfully leaving Court Ordered treatment against medical advice, while serving another sentence on an Escape charge. This Court has been attempting to assist Appellant in dealing with his substance abuse issues and returning to the community, but Appellant has failed to take advantage of said assistance and blatantly disrespects the authority and supervision of this Court. The Defendant has shown a complete lack of regard and respect for the law and this Court's authority. The underlying offense in this matter, the initial Escape charge in violation of **18 Pa. C.S.A. § 5121(a)** was the result of Defendant failing to return to detention following work release on a sentence he was previously serving. As stated above, Defendant was sentenced within the guidelines for the offenses committed. This Court then considered the particular circumstances of the offenses committed, the impact on the community, the need to deter Defendant and others from committing this type of offense, and the protection of the community at large.

As such, this Court imposed an appropriate sentence, which considered all facts and circumstances, the guidelines, and the purposes of sentencing. Therefore, since no abuse of discretion occurred, this Court's December 22, 2015 sentence should be affirmed.

## CONCLUSION

7

Accordingly, the sentence imposed by this Court was appropriate under the guidelines and given the facts and circumstances of this case. Therefore, this Court's December 22, 2015 Judgment of Sentence of this Court should be affirmed.

BY THE COURT:

_____, P.J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Memorandum has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals:

Lisa A. Swift, Esq.
Lackawanna County District Attorney's Office
200 N. Washington Avenue
Scranton, PA 18503

Donna M. DeVita, Esq.
Lackawanna County Public Defender's Office
200 N. Washington Avenue
Scranton, PA 18503

8