J-S65004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS BUSH | : | |
| | : | |
| Appellant | : | No. 660 EDA 2017 |

Appeal from the Judgment of Sentence January 18, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0000171-2013

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:　　　　　　　　**FILED FEBRUARY 09, 2018**

Thomas Bush appeals from the judgment of sentence entered on January 18, 2017, in the Court of Common Pleas of Bucks County, after the court granted in part, and denied in part, relief sought pursuant to his first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq.  Bush's counsel has filed an **Anders** brief[1], asserting Bush's appeal is

---

[1] We recognize:

> Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A **Turner**/**Finley** no-merit letter, however, is the appropriate filing. **See Commonwealth v. Turner**, 518 Pa. 491, 544 .2D 927 (1988); **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988) (*en banc*). Because an **Anders** brief provides greater protection to a defendant, this Court may accept an

wholly frivolous and without merit, along with a motion to withdraw as counsel. He has fulfilled all his duties that are required to withdraw as counsel.[2] In this timely appeal, the issue identified in the **Anders** brief is the PCRA court erred in resentencing Bush to a manifestly excessive sentence. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm and grant counsel leave to withdraw.[3]

The factual and procedural history of this matter is well known to the parties. We refer to and incorporate pages 1-4 of the PRCA court's Pa.R.A.P. 1925(a) opinion rather than reciting those facts herein. Bush was originally sentenced to a term of 20-42 years' incarceration. In reviewing the PCRA

---

**Anders** brief in lieu of a **Turner/Finley** letter. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n. 3 (Pa. Super. 2004).

**Commonwealth v. Widgens**, 29 A.3d 816, 817 n. 2 (Pa. Super. 2011).

[2] Specifically,

> **PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed** pro se **or with the assistance of privately retained counsel.**

**Id.** quoting **Commonwealth v. Friend**, 896 A.2d 607, 614 (Pa. Super. 2006) (emphasis in original).

[3] Additionally, we have conducted the required independent review of the certified record pursuant to **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa. Super. 2015) (Superior Court must conduct independent review of record where an **Anders** brief has been filed with our Court.)

petition, the court agreed that certain charges merged for sentencing purposes and one charge had originally been misgraded. Bush was resentenced to a 15-30 year term of incarceration on January 18, 2017. This aggregate term of incarceration includes a 10-20 year sentence for a single count of burglary, 18 Pa.C.S. § 3502(a), and a consecutive five to ten year sentence for a single count of criminal trespass, 18 Pa.C.S. § 3503(a)(1)(ii). Both sentences represent the statutory maximum sentences and are outside the sentencing guidelines.

Counsel for Bush lists two issues in the **Anders** brief. The first is a claim the PCRA court erred in not granting a new trial based on trial counsel's ineffective assistance. Specifically, Bush believes trial counsel failed to request a jury instruction for burglary of an occupied structure when any person was present. Both PCRA counsel and the PCRA court accurately point out that no evidence at trial was presented that Bush burglarized an occupied structure in which any person was present, therefore, there could be no error in failing to so charge the jury. **See Commonwealth v. Browdie**, 654 A.2d 1159, 1163 (Pa. Super. 1995) (review of jury charge must be considered in light of the evidence presented at trial). Accordingly, Bush is not entitled to a new trial based upon a faulty jury instruction.

Next, Bush raises two challenges to the discretionary aspect of his sentence. First, he claims his restitution order exceeded the statutory

description of the theft charge he was convicted of.[4] We agree with counsel and the PCRA court that the restitution statute, 18 Pa.C.S. § 1106(a), is both mandatory, and is not limited to the statutory definition of the crime the defendant was convicted of. Accordingly, there was no error in the amount of restitution imposed.

The second aspect of Bush's challenge to his sentence is a claim that the re-imposition of the 15-30 year aggregate sentence for burglary and criminal trespass was manifestly excessive.[5] We note that Bush properly preserved this issue by filing a motion for reconsideration of sentence following the resentencing of January 18, 2017.[6]

When reviewing a challenge to the discretionary aspects of a sentence, we are mindful, that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

---

[4] Bush was ordered to pay $4,265.00 in restitution, but at the PCRA hearing it was agreed that the evidence presented regarding theft required a grading of a third degree misdemeanor. The amount of restitution represents the value of the property taken and the cost to repair the damage to the trailer caused by the break-in.

[5] Bush also claimed that trial counsel was ineffective for failing to challenge the excessive nature of his original sentence. Our resolution of this claim necessarily disposes of the claim of ineffective assistance of counsel.

[6] Although Bush is challenging both the imposition of the original sentence and the resentence, procedurally, he can only challenge the new sentence.

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014).

Finally, an appellant must usually file a Pa.R.A.P. 2119(f) statement within the brief demonstrating the existence of a substantial question sufficient for appellate review. "If an appellant fails to comply with Pa.R.A.P. 2119(f) and appellee fails to object, this Court may review appellant's claims with regard to the discretionary aspects of sentence." *Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa. Super. 2015). Here, Bush did not include a 2119(f) statement in his brief. Because the Commonwealth has failed to object, we will address the issue.

The certified record reveals that the sentence imposed on Bush for burglary and criminal trespass both exceeded the sentencing guidelines. The minimum aggravated range sentence for burglary was 51 months (Bush received a 120 month minimum sentence), and the minimum aggravated range sentence for criminal trespass was 33 months (Bush received a 60 month minimum sentence). However,

> In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence.
>
> The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense

as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.

When evaluating a challenge to the discretionary aspects of sentence ... it is important to remember that the sentencing guidelines are advisory in nature. If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination. [O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is *not un* reasonable [ (*sic* ) ], we must affirm a sentence that falls outside those guidelines.

A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular factual basis and specific reasons which compelled [it] to deviate from the guideline range.

***Commonwealth v. Kitchen***, 162 A.3d 1140, 1147 (Pa. Super. 2017) (citation omitted).

Instantly, counsel asserts in the ***Anders*** brief and the record confirms that the sentencing court provided the required, specific reasons for the imposition of the sentence. We note that prior to imposing sentence, the sentencing court properly considered "the presentence report, considered the nature and character of the defendant, the sentencing guidelines, the need to protect the community, the impact it's had upon the victim in the community, and your [Bush's] need for rehabilitation." N.T. Sentencing, 12/17/2013, at 23.[7] The specific reasons relied upon by the sentencing judge have been

---

[7] At resentencing on January 18, 2017, the sentencing judge specifically adopted his reasoning from the original sentencing hearing.

related on pages 11-13 of the PCRA court's opinion as well as from the 2013 sentencing hearing. *See* N.T. Sentencing, 12/17/2013 at 18-24. Once again, we adopt and incorporate this reasoning into our decision.

However, we will relate highlights from the sentencing court's commentary. Bush had 16 prior convictions in the prior 15 years. Many of the convictions were for crimes of violence, including armed robbery and assault. Bush told the officer conducting the presentence investigation that if given the opportunity, he would kill his former cellmate who testified against him, and he would willingly face the death penalty or a life sentence for doing so. At sentencing, a tape was played of a phone call Bush made to his girlfriend/co-defendant, where he also threatened to kill her if she ever left him or cheated on him. The sentencing court concluded,

> And, quite frankly, Mr. Bush, listening to those tapes and having you in court and reading the presentence report, I don't think you wish to be rehabilitated and function in the community as a productive member of our society. I think you enjoy the criminal life, I think you enjoy victimizing people, and I think you enjoy terrorizing all of those who come in contact with you. The words you used to the person you love demonstrates that. Your unabated fear of the death penalty and a life sentence, take another's life demonstrates that, and of course your criminal history demonstrates that.

*Id*. at 23-24.

We see no abuse of discretion therein. Accordingly, we affirm the judgment of sentence and the order of the PCRA court.

Judgment of sentence affirmed. PCRA Order affirmed. Motion to withdraw as counsel granted.

- 7 -

Judge Musmanno joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/18

THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-09-CR-0000171-2013 |
| | : | |
| v. | : | |
| | : | |
| THOMAS BUSH | : | |
| | : | |

# OPINION

Defendant Thomas Bush (hereinafter "Appellant") appeals to the Superior Court of Pennsylvania from the Orders imposed by this Court on January 17, 2017, and January 27, 2017. We file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a).

## PROCEDURAL HISTORY

Appellant was charged with Count one (1) - Burglary,[1] Count two (2) - Conspiracy to commit Burglary,[2] Count three (3) - Criminal Trespass,[3] Count four (4) - Conspiracy to commit Criminal Trespass,[4] Count five (5) - Theft by Unlawful Taking, Count six (6) - Conspiracy to commit Theft by Unlawful Taking,[5] Count seven (7) - Receiving Stolen Property,[6] Count eight (8) - Conspiracy to commit Receiving Stolen Property,[7] Count nine (9) - Criminal Mischief,[8] Count ten (10) - Conspiracy to commit Criminal Mischief.[9]

On August 7, 2013, Appellant was found guilty on Count one (1) - Burglary, Count three (3) - Criminal Trespass, Count five (5) - Theft by Unlawful Taking, Count seven (7) - Receiving

---

[1] 18 Pa.C.S.A. § 3502(a).
[2] 18 Pa.C.S.A. § 903.
[3] 18 Pa.C.S.A. § 3503(a)(l)(ii).
[4] 18 Pa.C.S.A. § 903.
[5] 18 Pa.C.S.A. § 903
[6] 18 Pa.C.S.A. § 3925(a).
[7] 18 Pa.C.S.A. § 903.
[8] 18 Pa.C.S.A. § 3304(a)(2).
[9] 18 Pa.C.S.A. § 903.

1

Stolen Property, and Count eight (8) - Conspiracy to commit Receiving Stolen Property. Appellant was found not guilty of Criminal Mischief, Conspiracy to Criminal Mischief, Conspiracy to Burglary, Conspiracy to Criminal Trespass, and Conspiracy to Theft by Unlawful Taking. Appellant was sentenced on December 17, 2013, to ten (10) to twenty (20) years imprisonment on Count one (1); five (5) to ten (10) years imprisonment on Count three (3), consecutive to Count one (1); one and a half (1½) to five (5) years imprisonment, consecutive to Counts one (1) and three (3); and three and a half (3½) to seven (7) years imprisonment on Count eight (8), consecutive to the aforementioned counts. In the aggregate, Appellant's total incarceration was twenty (20) to forty-two (42) years. Appellant was also ordered to pay $4,265 in restitution to the victim.

On December 24, 2013, Appellant filed a Notice of Appeal. On April 1, 2015, the Superior Court affirmed the judgment of sentence. Thereafter Appellant filed a PCRA Petition on August 7, 2015. As a result of developments during the filing of amended PCRA petitions, and the diligence of counsel, this Court scheduled a resentencing hearing on December 9, 2016. On January 18, 2017, this Court resentenced Appellant on Counts five (5) and eight (8). We found Count five (5) merged with Count one (1) and reduced Count eight (8) to twelve (12) months' concurrent probation. The Court left Appellant's sentence on the remaining counts and restitution, undisturbed.

After the newly imposed sentence, this Court denied Appellant's PCRA Petition on January 19, 2017. Appellant filed a Motion for Reconsideration of Sentence on January 24, 2017. This Court denied Appellants Motion for Reconsideration of Sentence on January 27, 2017. On February 13, 2017, Appellant filed his Notice of Appeal from this Court's January 19th, and January 27th orders, to Superior Court.

## FACTUAL BACKGROUND

2

On August 20, 2012, at approximately 10:45 p.m., Officer Katherine Deppenschmidt of the Bensalem Township Police Department received a call from a trailer unit within the Top of the Ridge complex in Bensalem Township. (N.T. 8/5/13, p. 29). The call reported a burglary to the residence of Linda Phillips, Unit Dl. (N.T. 8/5/13, p. 29). When Officer Deppenschmidt arrived at the scene of the burglary, she noticed damage to the front doorframe of the residence (N.T. 8/5/13, p. 29). She also observed markings on the door and debris on the ground in the vicinity of the front door, consistent with someone having pried it open. (N.T. 8/5/13, p. 30).

Upon entering the residence, Officer Deppenschmidt observed a pair of red-handled clippers that were lying on the porch close to the front door. (N.T. 8/5/13, p. 34). Officer Deppenschmidt swabbed the clippers for DNA evidence, as well as the door handle to the front door. (N.T. 8/5/13, p. 42). While at the residence, Linda Phillips informed Officer Deppenschmidt that there was a Maverick cigarette butt in her bathroom sink which did not belong to anyone in her household. (N.T. 8/5/13, p. 42). The Maverick cigarette butt was secured and submitted for DNA testing. (N.T. 8/5/13, p. 42)

Detective John Monaghan of the Bensalem Township Police Department arrived at the scene soon after Officer Deppenschmidt. (N.T. 8/5/13, p. 65). When Detective Monaghan first arrived, he spoke with Officer Deppenschmidt and noticed that the front door of the residence had been damaged and appeared to be forced open. (N.T. 8/5/13, p. 65). Upon entering the residence, Detective Monaghan noticed that many of the drawers of the bedroom were open. (N.T. 8/5/13, p. 66). Linda Phillips, the owner of the residence, stated to police that when she arrived home on the night of August 20th, 2012, her front door was ajar and the back door was wide open. (N.T. 8/5/13, p. 179). It appeared that her belongings had been ransacked, and that her jewelry box and a 32-inch flat screen television were missing. (N.T. 8/5/13, pp. 181-83). Linda Phillip's niece, Tawny

3

Phillips, who had been living at the residence, stated to police that her jewelry box, Nook, two laptops, and Desktop were also missing from the residence. (N.T. 8/5/13, pp. 157-58).

Officer Deppenschmidt and the other police officers on the scene talked to a juvenile witness, who advised police that he was walking around the area of the residence several hours prior and observed the Appellant at the front door with a crow bar. (N.T. 8/6/13, p. 48). Based on that information, Detective Monaghan went to the residence where Appellant was staying in the same Complex. (N.T. 8/5/13, p. 73). While en route to find Appellant, Detective Monaghan found a pack of Maverick cigarettes on the floor of a parked car, situated in front of the residence that Appellant was reported to have been staying. (N.T. 8/5/13, p. 73).

Detective Monaghan and Detective Jackson, another Detective from Bensalem Township Police Department, met with the Appellant at a residence in the Top of the Ridge Complex. (N.T. 8/5/13, p. 78). The residence was a little over one hundred yards away from the site of the burglary. Appellant voluntarily gave Detective Jackson and Detective Monaghan a swab of his DNA. (N.T. 8/5/13, p. 78). The DNA tests of the wire clippers and the cigarette butt revealed a consistent match with Appellant. (N.T. 8/5/13, pp. 123-25).

During the ongoing investigation of the burglary, Detective Jackson was contacted by Kimberly Shupe, an acquaintance of Appellant's girlfriend, Kimberlee Martin. (N.T. 8/6/13, p. 114). Ms. Shupe advised Detective Jackson that she was in possession of a computer that she received from Kimberlee Martin. (N.T. 8/6/13, p. 114). Kimberlee Martin had asked Ms. Shupe to wipe the computer clean. (N.T. 8/6/13, p. 114). Detective Jackson went to Ms. Shupe's residence, took possession of the computer, and brought it to the police station. (N.T. 8/6/13, p. 115). Tawny Phillips came to the police station and identified the computer as the one that had been stolen. (N.T. 8/6/13, p. 115).

4

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On February 21, 2017, this Court issued an Order pursuant to Pa.R.A.P. §1925(b) requiring Appellant to file a Concise Statement of Errors Complained of on Appeal no later than twenty-one (21) days after entry of the Order. Appellant filed such a Statement on March 3, 2017, which raised the following issues, *verbatim*:

1. The Court erred in not finding counsel ineffective, and refusing to order a new trial, on account of counsel's failure to object to the jury instruction regarding 18 Pa.C.S. §3502(a)(2), 18 Pa.C.S. §3502(a)(1).

2. The court erred in not granting reconsideration of sentence because:

   a) The restitution portion of the sentence was illegal because the defendant's theft charges were not greater than a misdemeanor of the third degree, and therefore restitution could not exceed $2,000.00.

   b) The sentence exceeded that necessary to accomplish the goals stated in 42 Pa.C.S. §9721.

3. The Court erred, and committed an error of law, by incorporating the reason for sentence it gave at the Defendant's first sentencing as its reasons for imposing the second sentence, rather than restating and reconsidering its reasons and its consideration of the sentencing guidelines, at the second sentencing.

## ANALYSIS

### I.    Appellant's PCRA is Meritless

The standard of review on appeal of a denial of PCRA relief is whether the PCRA Court's findings are supported by the record and are free of legal error. Commonwealth v. Hawkins, 894 A.2d 716, 722 (Pa. 2006); see Commonwealth v. Steele, 961 A.2d 786 (Pa. 2008); see also

5

Commonwealth v. Allen, 732 A.2d 582, 586 (Pa. 1999). Pursuant to the PCRA, in order to sustain a claim for ineffective assistance of counsel, Appellant has the burden to prove by a preponderance of the evidence that his conviction and judgment of sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of [his] particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. §9543(a)(2)(ii).

In reviewing an ineffective assistance of counsel claim, a court presumes that counsel was effective. Commonwealth v. Fletcher, 986 A.2d 759, 772 (Pa. 2009). In order to overcome this presumption, a defendant has the burden of showing that (1) the underlying claim is of arguable merit; (2) counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) he was prejudiced by counsel's ineffectiveness. Commonwealth v. Pierce, 961 A.2d 786 (Pa. 1987); see Commonwealth v. Walls, 993 A.2d 289, 296 (Pa. Super. 2010) (quoting Commonwealth v. Wallace, 724 A.2d 916, 921 (Pa. 1999)). Appellant must individually discuss and prove each prong of the Pierce test to be entitled to relief. Commonwealth v. Steele, 961 A.2d 786, 799 (Pa. 2008); Commonwealth v. Williams, 980 A.2d 510, 520 (Pa. 2009). Failing to meet any prong of the Pierce test defeats an ineffectiveness claim. Commonwealth v. Peterkin, 649 A.2d 121, 125-27 (Pa. 1994) (abrogated in part on other grounds by Commonwealth v. Tedford, 960 A.2d 1 (2008)). Counsel cannot be deemed ineffective for failing to raise a meritless claim. Commonwealth v. Spotz, 896 A.2d 1191, 1122 (Pa. 2006) (citation omitted). Moreover, counsel's representation does not lack a reasonable basis if the chosen course of strategy or tactics "had some reasonable basis designed to effectuate his client's interests. Courts should not deem counsel's strategy or tactics unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued."

6

Commonwealth v. Koehler, 36 A.3d 121, 132 (Pa. 2012). Furthermore, a Court will not find prejudice unless a defendant proves that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Walls, 993 A.2d at 296, quoting Strickland, 466 U.S. at 694. A claim of ineffectiveness may be denied where a defendant's evidence fails to meet any of these prongs. Commonwealth v. Rainey, 928 A.2d 215, 224 (Pa. 2007).

Appellant argues trial counsel was ineffective for failing to ensure the Court charged the jury with instructions for 18 Pa.C.S.A. § 3502(a)(1), rather than 18 Pa.C.S.A. § 3502(a)(2). At the time of Appellant's offense, trial, and sentencing the Pennsylvania Burglary statute read as follows:

> **(a) Offense defined.**--A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> (1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense *any* person is present;
>
> (2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense *no* person is present;
>
> (3) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense *any* person is present; **or**
>
> (4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense *no* person is present.

18 Pa.C.S.A. § 3502, effective September 4, 2012, to February 20, 2014 (emphasis added).[10]

This Court charged the jury as follows:

> To find the defendant guilty of this offense, you must find that all of the following elements have been proven beyond a reasonable doubt:

---

[10] See S.B. 100, 196th Gen. Assemb., § 19(4) (Pa. 2012).

First, that the defendant entered the, I think it was trailer umber D-2, Top of the Hill (sic) trailer park on Gibson Road. It would be – 1446 Gibson Road, D-1, in Bensalem Township. In any event, it's the trailer that belonged to Ms. Phillips.

So first, defendant entered the trailer.

Secondly, that the place was an occupied structure.

Third, the defendant entered the trailer with the intent to commit the crime of theft inside, and that the trailer was not open to the public at the time, and that the – fifth, [sic] that the defendant did not have permission or lawful authority to enter.

You cannot find the defendant guilty of burglary if you find that the trailer was an abandoned or occupied – an abandoned occupied structure. Abandoned means this place was wholly forsaken and deserted by the owner. I don't think that's an issue, but to summarize it, that he entered at a time when it was his intent to commit a crime therein.

You should understand that an occupied structure is any structure or place adapted for overnight accommodation of persons.

N.T. 8/6/13, pp. 192-93.

First, Appellant was charged with 18 Pa.C.S.A. § 3502(a), with no specification as to what subsection of the offense applied. The criminal information reflects the same statutory citation. Appellant's argument lacks merit in that he received notice of the charge of burglary, and the jury was provided instructions describing the elements of a burglary – this Court was under no obligation to instruct the jury on which subsection of 18 Pa.C.S.A. § 3502(a) they should focus on as no subsection was charged.

Appellant argues the jury would have delivered a not guilty verdict on the burglary, if only it was told an element of burglary is the presence of a person in the home. Appellant's hypothetical fails to address that he still committed a burglary under 18 Pa.C.S.A. § 3502(a)(2). Appellant was provided notice of the Commonwealth's charge of 18 Pa.C.S.A. § 3502(a), which obviously encapsulates all subsections, and a plain reading of the defined offense makes burglary a crime whether or not a person is present in the home. As a result, Appellant cannot prove the prejudice prong of the Pierce test, and pursuant to Peterkin, supra, no further analysis of this issue is necessary.

**II.    Appellant's Motion for Reconsideration was Properly Denied**

Appellant challenges the restitution portion of his sentence, and the validity of this Court's justification whilst shortening his sentence by at least five (5) years, at most twelve (12) years.

No automatic right of appeal exists for a challenge to the discretionary aspects of sentencing. Rather, this type of appeal is more appropriately considered a petition for allowance of appeal. Commonwealth v. Rossetti, 863 A.2d 1185, 1193 (Pa. Super. 2004). Before reaching the merits of a discretionary sentencing issue, a court must ascertain whether an appellant (i) filed a timely notice of appeal, (ii) properly preserved the issue to be heard on appeal, (iii) filed a brief free of fatal defects, and (iv) raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. Commonwealth v. Mastromarino, 2 A.3d 581, 588 (Pa. Super. 2010), *cert. denied*, 14 A.3d 581.

A court evaluates whether a particular issue raises a substantial question on a case-by-case basis. Commonwealth v. Rossetti, 863 A.2d at 1193. "[The court] will grant an appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Brown, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

We believe, no substantial question exists as Appellant received appropriate sentences based on his conduct, the sentencing guidelines, public safety, his criminal history, impact on the victim and community, and the defendant's rehabilitative needs. N.T. 12/17/13, pp. 18-24. Absent a substantial question that the imposed sentence violates the Sentencing Code, Appellant failed to meet the Mastromarino test and the merits of this claim need not be considered.

9

It is well-established law that the sentencing phase of trial rests soundly to the discretion of the trial court, not to be disturbed absent manifest abuse of discretion. Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007). "[A]n abuse of discretion [at sentencing] is more than a mere error of judgment . . . . [A] sentencing court will not have abused its discretion unless the record discloses that the judgement exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Id. (quotations omitted)." An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion . . . ." Grady v. Frito-Lay, Inc., 839 A.2d 1038, 1046 (Pa. 2003). The rationale offered by the Pennsylvania Supreme Court for this deferential standard is as follows:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

Walls, 926 A.2d at 961-62 (citations omitted). Furthermore, a sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). A sentencing court may determine a defendant's potential for rehabilitation by considering his demeanor, apparent remorse, manifestation of social conscience, and cooperation with law enforcement agents. Commonwealth v. Begley, 780 A.2d 605, 644 (Pa. 2001); Commonwealth v. Constantine, 478 A.2d 39 (Pa. Super. 1984); Commonwealth v. Gallagher, 442 A.2d 820 (Pa. Super. 1982).

At sentencing this Court imposed a sentence of twenty (20) to forty-two (42) years and $4,265 in restitution to replace the victim's stolen items. N.T. 12/17/2013, p. 28. The presentence

report recommended a max sentence on every count to be served consecutively – twenty-four (24) to forty-eight (48) years. 12/17/2013, p. 4. This Court imposed the maximum sentence for Appellant on Counts one (1) and three (3). After a reconsideration of sentence, Appellant's term of imprisonment was reduced by five (5) years, then Appellant filed another reconsideration of sentence, at issue in this appeal.

Appellant has an extraordinary criminal history as summarized by the Assistant District Attorney at sentencing:

> Beginning in 1996 with a felony one robbery in the State of Florida, which he did do a jail sentence for. 1997 disorderly conduct. 1998, felony one robbery he received a four-year sentence for. 2000, felony one robbery he received a four-year sentence for. 2000, felony one armed robbery, received a four-year sentence. 2002, false ID, misdemeanor in Florida. 2005, theft and resisting arrest in Florida. In 2011, possession with intent to deliver a controlled substance. In 2012, theft. In 2012, a second incidence of theft. And a third incident also of theft in 2012.
>
> Your Honor, all of those convictions were from the State of Florida. This is the defendant's first criminal foray into the Commonwealth of Pennsylvania.

N.T. 12/17/2013, pp. 5-6. Aside from the criminal history, this Court placed the remainder of our reasoning on the record:

> All right, Mr. Bush, you should understand that there are a lot of things I need to consider when imposing sentence. I have taken a look at your criminal record, I've listened to Mr. Hyde and Mr. Williams. I've read the presentence report, and of course we had the presentence report done so that we could have as much information as is available concerning you prior to sentencing because this is a serious case. You have a serious criminal history, and I thought it would be of some benefit to learn a little bit more about you, and I did.
>
> In order for me to impose a sentence I have to consider a number of factors. As I said, one is the nature and character of the defendant, which is you. The impact it's had upon the victim, the community, the need to deter others, the sentencing guidelines, and of course your rehabilitative needs. And I've considered all of those things as I'm obligated to do.
>
> With respect to the nature and character of the defendant, presentence report reflects, and I heard it from the Commonwealth, that you have 16 prior convictions. Most notably there are three robbery convictions, one is an armed robbery, there is

11

a burglary, a number of thefts and assaults. Those offenses have taken place over approximately 15 years. So you have 16 convictions, that's almost one a year, not taking into account all of the time that you've spent in an institution.

I've also reviewed the report which reflects you have a long and sordid history, family history. You did not grow up under the best of circumstances. In fact, you were probably born and raised to be a criminal, which is what you turned out to be. You are, in my judgment, extremely dangerous, and I suspect that's in part why the presentence report recommended such a lengthy sentence.

You told the officer who interviewed you that a former cellmate testified against you during the trial, and you told the officer that if you see that person – if he sees that person, meaning you, he will take his life. The defendant stated he is willing to serve a life sentence or potentially face a death sentence for this.

You have no fear of incarceration, you have no fear of anything or anyone, and so I look at your history, and I think you are extremely dangerous. You've demonstrated that not just by your words but by your conduct. And I have to look at, of course, the impact this has had upon the victim, which in this case is not so severe. It was a, as I recall, Mr. Hyde and Mr. Williams, it was a burglary and theft of a television, but it's the course of conduct that seems to take place wherever you go. And so I have to look at that.

I have to look at the need to protect the community as has been pointed out by the Commonwealth. You have committed a number of crimes and victimized a number of different types of people, and you will continue to do that. As I said, I think you were born and bred to be a criminal, and that's turned out to be the case. I am convinced that you are a dangerous person who will continue to victimize the community as you go forward in life.

Sentencing guidelines in this case, of course, recommend a sentence much less than the presentence report. The burglary recommends, the guidelines recommend 51 months in the aggravated, 35 to 45 in the standard and 29 in the mitigated. Criminal trespass recommends 33 in the aggravated, 21 to 30 in the standard and 18 in the mitigated. And of course the theft recommends 39 months, 24 to 36 in the standard and 21 in the mitigated range.

So I've considered the presentence report, considered the nature and character of the defendant, the sentencing guidelines, the need to protect the community, the impact it's had upon the victim in the community, and your need for rehabilitation.

And, quite frankly, Mr. Bush, listening to those tapes and having you in court and reading the presentence report, I don't think you wish to be rehabilitated and function in the community as a productive member of our society. I think you enjoy the criminal life, I think you enjoy victimizing people, and I think you enjoy terrorizing all of those who come in contact with you. The words you used to the

12

person you love demonstrates that. Your unabated fear of the death penalty and a life sentence, take another's life demonstrates that, and of course your criminal history demonstrates that. So I've considered all of those things in imposing sentence.

N.T. 12/17/2013, pp. 18-24.

Appellant objects to the Court incorporating its justification at resentencing, by reference. Assuming, *arguendo*, that Appellant satisfied the four prongs laid out in Mastromarino, no abuse of discretion occurred at sentencing. The record shows every consideration provided by this court in accordance with pertinent case law, 42 Pa.C.S.A. § 9721, and Appellant's constitutional rights. The reference to this court's prior reasoning does not mean we failed to consider the same obligatory factors, it means our reasoning at the reconsideration of sentence has not changed since the original sentencing. It serves no purpose to repeat the same thing twice. Counter to Appellant's proposition, the fact that his sentence was reduced demonstrates a thoughtful reconsideration of the imposed sentence.

Appellant also challenges the legality of the restitution imposed by this Court. Appellant believes the restitution amount must be capped at $2,000 because the "theft charges were not greater than a misdemeanor of the third degree." Aside from a glaring lack of legal authority supporting Appellant's claim,[11] this Court is statutorily required to impose $4,265 in restitution to the victim. Appellant's criminal actions caused $4,265 in property damage to the victim. Under 18 Pa.C.S.A. § 1106(a), restitution for a victim suffering personal injury or property damage is mandatory.[12] See Commonwealth v. Brown, 981 A.2d 893, 895-96 (Pa.

---

[11] See contra Commonwealth v. Kearns, 150 A.3d 79 (Pa. Super. 2016) (affirming the sentence on a third degree misdemeanor that included $832,460.00 in restitution).

[12] "Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S.A. § 1106(a).

13

2009). Accordingly, the plain language of the statute directs the Court to impose $4,265 in restitution, regardless of Appellant's ability to pay. 18 Pa.C.S.A. § 1106(c)(1)(i).

## CONCLUSION

For the foregoing reasons, this Court perceives that the present Appeal is meritless, and that this Court's January 17, 2017, Order denying Appellant PCRA Petition and January 27, 2017, Order denying Appellant's Motion for Reconsideration of Sentence is supported by both the law and the record in this case. We respectfully request the Superior Court to affirm this Court's decision.

BY THE COURT:

April 19, 2017
Date

WALLACE H. BATEMAN, JR. J.

14